51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Delano HOWARD, Plaintiff-Appellant,
v.
James GALLAGHER; C. Goldsmith, Lt.; Troy West, Defendants-Appellees.
 No. 94-15382.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 30, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Delano Howard, an Arizona state prisoner, appeals pro se the district court's summary judgment for apppellees in his 42 U.S.C. Sec. 1983 action. Appellant maintains that his constitutional rights were violated due to discipline he received for his involvement in an alleged escape plot. We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Pro se pleadings in civil rights cases must be construed liberally and the plaintiff afforded the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Due process protects against arbitrary action in prison disciplinary proceedings but provides less protection than in criminal prosecutions. Ponte v. Real, 471 U.S. 491, 495 (1985). Due process ensures inmates have a right to call and present witnesses and documentary evidence before a prison disciplinary board. Id. Due process also requires "some evidence" in the record support the prison disciplinary board's findings. Superintendent, Massachusetts Correctional Institute v. Hill, 472 U.S. 445, 454-55 (1985). The information that forms the basis for the prison disciplinary action must possess some indicia of reliability to satisfy due process. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
 
 
 4
 Additional requirements for due process are imposed when a prison disciplinary committee relies on statements by an unidentified inmate informant. The record is required to contain some factual information from which the committee could reasonably conclude that the information was reliable and a prison official's affirmative statement that safety considerations precluded disclosure of the informant's identity. Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). Reliability may be established by
 
 
 5
 (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed.
 
 
 6
 Id.
 
 
 7
 Here, Howard contends his due process rights were violated during his disciplinary hearing because the prison officials relied almost exclusively upon the testimony of a confidential informant. After that informant reported Howard's alleged escape plan, an investigation was immediately conducted by the criminal investigation unit (CIU). That CIU concluded that appellant was involved in an escape plot, and prepared a confidential report.
 
 
 8
 Howard received appropriate notification regarding his pending disciplinary proceeding. He was informed of the evidence that would be used at the hearing, and he was provided an opportunity to designate witnesses who would testify on his behalf. Appellant was also notified prior to the disciplinary hearing that the CIU investigative report was the only evidence that would be introduced, but that he would not receive a copy of the report because the security and safety of the prison and its population would have been jeopardized. The CIU report noted that a road atlas found in Howard's living quarters corroborated the testimony of the confidential informant. Further, the appellant's history of prior escape attempts was taken into account at his disciplinary hearing.
 
 
 9
 Based upon the record before us, we conclude that Howard's rights were not violated, as the prison disciplinary hearing complied with due process requirements. The record contains reliable evidence which could support the Board's findings, thus satisfying due process. See Hill, 472 U.S. at 454; Cato, 824 F.2d at 705.
 
 II.
 
 10
 Regarding Howard's other claims, we similarly affirm the summary judgment decision of the district court. Appellant did not previously raise his claim regarding the "defaulting" of defendant West before the district court, and thus is precluded from raising it before this court. See International Union of Bricklayers, Etc. v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Also, appellant's claim that he was prejudiced by defendant Gallagher's filing of a supplemental affidavit is meritless.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3